ID# E-JRMG3CQJ-N2G
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-3583
JUL 24, 2024 11:53 AM
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 24-A-3583

$202.00 COST PAID

Braceful, Ra'Shawn

**PLAINTIFF**

VS.

Werner Enterprises Inc.
Wiggers, Joel P.

**DEFENDANTS**

## SUMMONS

TO: WERNER ENTERPRISES INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Adewale Odetunde**
**WLG Atlanta, LLC**
**600 Peachtree Street NE**
**Suite 4010**
**Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of July, 2024.**

Clerk of State Court

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division



EXHIBIT A

ID# E-JRMG3CQJ-TUM
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
24-A-3583
JUL 24, 2024 11:53 AM
Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RA'SHAWN BRACEFUL,<br><br>Plaintiff,<br><br>v.<br><br>WERNER ENTERPRISES INC.; and<br>JOEL P. WIGGERS;<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. ______________<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COMES NOW Ra'Shawn Braceful ("Plaintiff"), by and through counsel, and files this Complaint for Damages, showing this Honorable Court as follows:

1. This is an action for personal injury damages arising out of a motor vehicle collision that occurred on October 11, 2023, in Cobb County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 9:00 am on October 11, 2023, in Cobb County, Georgia.

3. Plaintiff is a citizen of Cobb County, Georgia.

4. Defendant Joel P. Wiggers ("Wiggers") resides at 9256 FM 673, Mineral, Texas 78125, and may be served with a copy of the summons and complaint at this address.

5. Wiggers is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act.

6. Wiggers is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Wiggers committed a tortious act and/or omission within the State of Georgia.



EXHIBIT A

7. Once served with process, Wiggers is subject to the jurisdiction and venue of this Court.

8. Wiggers was properly served with process in this civil action.

9. Wiggers was sufficiently served with process in this civil action.

10. Wiggers is subject to the jurisdiction of this Court.

11. Defendant Werner Enterprises Inc. is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. Werner Enterprises Inc. has a U.S. Department of Transportation Number 53467.

12. Werner Enterprises Inc. may be served with process by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: Rogers & Cates PC/David Lee Cates, 2300 Henderson Mill Rd., Suite 330, Atlanta, Georgia 30345.

13. Werner Enterprises Inc. may also be served with process by delivering a copy of the Summons and Complaint under the laws of the State of Georgia upon its registered agent: Corporate Creations Network Inc., 431 Vision Drive, Building F #201, Cumming, Forsyth County, Georgia 30040.

14. Once served with process, Werner Enterprises Inc. is subject to the jurisdiction and venue of this Court.

15. Werner Enterprises Inc. was properly served with process in this civil action.

16. Werner Enterprises Inc. was sufficiently served with process in this civil action.

17. Werner Enterprises Inc. is subject to the jurisdiction of this Court.

18. Venue in the above-styled civil action is proper in this County and Court pursuant to O.C.G.A. § 40-1-117(b) and all other applicable statutes and authority.

## FACTS

19. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

20. On or about October 11, 2023, at approximately 9:00 am, Plaintiff was operating a gray 2008 Honda Civic heading north in the right lane on Cobb International Boulevard in Cobb County, Georgia.

21. On or about October 11, 2023, at approximately 9:00 am, Wiggers was operating a blue 2020 International LT625 tractor-trailer heading north in the left lane on Cobb International Boulevard in Cobb County, Georgia.

22. Wiggers was operating the tractor-trailer in the course and scope of this employment with Werner Enterprises Inc., and under Werner Enterprises Inc.'s U.S. Department of Transportation and federal motor carrier authority.

23. On or about October 11, 2023, at approximately 9:00 am, Wiggers attempted to make a right turn onto Cobb International Place across two lanes of traffic.

24. Suddenly and without warning to Plaintiff, Wiggers turned the tractor-trailer in front of Plaintiff's vehicle.

25. Wiggers slammed the tractor-trailer into the driver's side of Plaintiff's vehicle, causing him to suffer injuries.

26. At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

27. Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

28. Defendants Wiggers and Werner Enterprises Inc. are 100% at fault for causing the subject collision.

29. No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision.

30. No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

31. No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

32. No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

33. Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

34. As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

**COUNT I: NEGLIGENCE OF WERNER ENTERPRISES INC.**

35. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

36. At all times material hereto, Wiggers was an employee of Werner Enterprises Inc.

37. At all times material hereto, Wiggers was acting within the scope and course of his employment with Werner Enterprises Inc.

38. At all times material hereto, Wiggers was driving under dispatch by Werner Enterprises Inc. and driving under Werner Enterprises Inc.'s authority as a federal motor carrier.

39. At all times material hereto, Wiggers was authorized by Werner Enterprises Inc. to operate the tractor-trailer that was involved in the collision described in this Complaint.

40. Werner Enterprises Inc. is liable for the negligent actions and omissions of Wiggers pursuant to the doctrine of *respondeat superior*.

41. Werner Enterprises Inc. was the owner of the vehicle operated by Wiggers and is therefore liable for damages caused in this case.

42. Werner Enterprises Inc. was also itself negligent in the following ways:

a. Negligently hiring or contracting with Defendant Wiggers to drive the vehicle at issue;

b. Negligently training Defendant Wiggers;

c. Negligently entrusting Defendant Wiggers to drive the vehicle professionally;

d. Negligently retaining Defendant Wiggers to drive the vehicle at issue;

e. Negligently qualifying Defendant Wiggers;

f. Failing to supervise Defendant Wiggers; and

g. Otherwise failing to act as a reasonably prudent company under the circumstances.

43. As a direct and proximate result of the negligence of Defendants Wiggers and Werner Enterprises Inc. in the ensuing collision, Plaintiff sustained severe and permanent injuries.

44. Werner Enterprises Inc. is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

## COUNT II: NEGLIGENCE OF DEFENDANT WIGGERS

45. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

46. At all relevant times, Wiggers owed the following civil duties to Plaintiff but violated those duties in the following ways:

a. Failing to maintain his lane of travel;

b. Failing to maintain proper control of his vehicle;

c. Failing to keep a proper lookout for traffic;

d. Failing to make reasonable and proper observations while driving;

e. Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

f. Failing to keep an assured safe distance from Plaintiff's vehicle;

g. Failing to obey traffic laws;

h. Operating a cellular mobile device while driving; and

i. Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

47. Defendant was also negligent per se in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a. Entering or Crossing Roadway (O.C.G.A. § 40-6-73);

b. Turning Movements; Signals Required on Turning, Changing Lanes, Slowing, or Stopping (O.C.G.A. §40-6-123):

c. Driving on Roadways Laned for Traffic (O.C.G.A. § 40-6-48);

d. Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

e. Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

f. Reckless Driving (O.C.G.A. § 40-6-390).

48. As a result of Wiggers's negligence, Plaintiff suffered severe and permanent injuries.

49. As a direct and proximate result of the negligence and negligence per se of Wiggers, Plaintiff has incurred and is entitled to recover special damages, including, but not limited to, past medical expenses in an amount not less than $337,199.40, and future medical expenses and past and future lost income and loss of earning capacity, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for general damages, including past and future pain and suffering and related damages.

## COUNT III: COMBINED AND CONCURRING NEGLIGENCE

50. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

51. Werner Enterprises Inc. and Wiggers acted in a manner which either alone, and/or combined and concurring with the actions of the acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries.

52. As a direct and proximate result of the negligence of the Werner Enterprises Inc. and Wiggers, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

53. As a direct and proximate result of the breaches of duty by Werner Enterprises Inc. and Wiggers, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, loss of use of vehicle, diminished value of vehicle, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, disfigurement, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

## COUNT IV: PUNITIVE DAMAGES

54. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

55. The acts of Werner Enterprises Inc. and Wiggers were willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

56. Accordingly, Defendants are liable to the Plaintiff for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against each Defendant;

c. For judgment against each Defendant to compensate Plaintiff for past and future injuries and damages;

d. For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

e. Court costs, discretionary costs, and prejudgment interest; and

f. For all such further and general relief which this Court deems just and proper.

Dated this 24th day of July, 2023.

WLG Atlanta, LLC

*/s/ Adewale Odetunde*
Adewale Odetunde
Georgia Bar Number 374418
Attorney for Plaintiff

600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308
Telephone: 470-881-8804
Direct: 470-480-7545
Facsimile: 470-881-8821
E-Mail: adewale.odetunde@witheritelaw.com



EXHIBIT A